# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHERMAN JOHNSON, JR. and SARKIS LABACHYAN,<br><br>Defendants. | 8:16CR241<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Sarkis Labachyan's ("Labachyan") Motion for a Judgment of Acquittal (Filing No. 142) and Motion for a New Trial (Filing No. 144).[1] *See* Fed. R. Crim. P. 29(c)(2) and 33. For the reasons stated below, the motions are denied.

## I. BACKGROUND

On June 21, 2016, Labachyan and his co-defendant, Sherman Johnson Jr. ("Johnson"), were traveling east on Interstate 80 in Omaha, Nebraska, when Douglas County Sheriff's Deputy Eric Olson ("Deputy Olson") initiated a traffic stop. Deputy Olson searched the vehicle and found over five kilograms of cocaine hidden in the spare tire mounted below the vehicle.

On August 16, 2016, a grand jury indicted (Filing No. 16) Johnson and Labachyan for possessing five kilograms or more of cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1) and (b)(1). Labachyan and Johnson each moved to suppress (Filing Nos. 40 and 42) the cocaine found during the search, and the Court denied (Filing No. 63) their motions. Following that denial, a Superseding Indictment (Filing No. 65) added a charge

---

[1]Labachyan requested hearings for both motions. Because Labachyan does not seek to present new evidence, those requests are denied.

of conspiracy to distribute five kilograms or more of cocaine. *See* §§ 841(a)(1) and (b)(1) and 846.

A jury found Johnson and Labachyan each guilty of both charges. Following the verdict, Labachyan filed the present motions seeking either a judgment of acquittal or a new trial.[2]

## II. DISCUSSION

### A. Motion for Judgment of Acquittal

"If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "The verdict must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.'" *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)).

#### 1. Admissibility of the Cocaine

As he did before trial, Labachyan asserts the cocaine seized during the search of the vehicle should not have been admitted into evidence. He relies on the recent Supreme Court decision of *Byrd v. United States*, which held "as a general rule, someone in otherwise lawful possession and control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." 584 U.S. ___, ___, 200 L. Ed. 2d 805, 810 (2018). Labachyan also quotes *United States v. Esparza* for the proposition that an officer cannot "rely on a third party's consent to intentionally bypass a person who is present, has a superior privacy interest in the premises, and actively objects to the search." 162 F.3d 978, 980 (8th Cir. 1998).

---

[2]The motions contain some duplicative arguments. The Court has dealt with each of Labachyan's arguments in the section that is most appropriate.

Labachyan's reliance on *Byrd* is misplaced. First, the renter was not present in *Byrd* but had given permission to the defendant to use the vehicle. *Id.* at ___, 200 L. Ed. 2d at 811. In this case, the renter, Johnson, was present and clearly gave oral permission to search. Labachyan has not provided any authority suggesting his privacy interest in the vehicle was superior to, or even equal to, Johnson's under these circumstances.

Second, it is true that if two individuals both possess a privacy interest in a common area, the objection of one individual to a search normally overrides the consent of the other individual and renders the products of the search inadmissible against the objecting party. *Georgia v. Randolph*, 547 U.S. 103, 122-23 (2006). However, the Eighth Circuit has stated, "It is not clear that *Randolph*, which involved a search of a residence, applies in the context of a vehicle search." *United States v. Lumpkins*, 687 F.3d 1011, 1014 (8th Cir. 2012).

Finally, even if Labachyan possessed a reasonable expectation of privacy in the vehicle and *Randolph* applies to vehicles, Labachyan never actually objected to the search. The relevant exchange between Labachyan and Deputy Olson follows:

| | |
|---|---|
| Deputy Olson: | [Johnson] is the renter of the vehicle; he gave us permission to search the vehicle, ok? And your property is only the bag up front, right? |
| Labachyan: | Yes, sir. |
| Deputy Olson: | Ok, do I have permission to search that bag? |
| Labachyan: | I mean—I don't have any—there is nothing illegal in the vehicle, sir- |
| Deputy Olson: | Ok well- |
| Labachyan: | I'm the driver—uh, you know, I studied law before, and uh- |
| Deputy Olson: | Sherman is the renter of the vehicle so he's the—he can give permission or deny permission to search the vehicle. |
| Labachyan: | Correct. |
| Deputy Olson: | Ok. |

3

| | |
|---|---|
| Labachyan: | Um, can I—can I talk to him? |
| Deputy Olson: | No. |
| Labachyan: | Oh, ok, well I guess—you know- |
| Deputy Olson: | Alright, just stay in the car for me. |
| Labachyan: | I used to be a paralegal so I know, you know, my rights. |

At that point, Deputy Olson asked Labachyan about his occupation and nothing more was said about the search.

Labachyan's new theory for the inadmissibility of the cocaine is baseless. Because the search was not contrary to *Byrd*, and for the reasons stated in the Memorandum and Order (Filing No. 63), the cocaine was properly admitted and submitted to the jury.

### 2. Mere Presence

Labachyan next represents, "There was no evidence presented by the Government at the trial of this action linking [Labachyan] to the controlled substance found after a search of the van he was driving, other than [Labachyan]'s mere presence in a motor vehicle containing the hidden contraband." Relying heavily on *United States v. Aponte*, 619 F.3d 799 (8th Cir. 2010), Labachyan claims, "The evidence in this case, even in the light most favorable to the Government, simply established that the Defendant Labachyan was driving a vehicle that contained large quantities of concealed cocaine."

The evidence actually presented at trial, which contradicts this contention, also distinguishes this case from *Aponte*. In *Aponte*, police stopped two individuals for a traffic violation and found methamphetamine hidden "inside the plastic lining of a round cooler located in the cargo area of the vehicle." *Id*. at 800. A jury convicted the individuals of possession of a controlled substance with intent to distribute, and their motions for acquittal were denied. *Id*. at 802-03. The Eighth Circuit reversed the denial of the motions for acquittal, observing (1) the drugs were well hidden and (2) "the

4

common indicia of guilty consciences were not present." *Id*. at 805. The government pointed to the inconsistent stories the individuals told the police, but the Eighth Circuit found the stories were not inconsistent and that an "insignificant potential inconsistency is not enough on its own to establish knowledge of drugs hidden in a vehicle." *Id*. at 807. The Eighth Circuit found the government's other arguments to be similarly baseless. *Id*. at 806-808.

The present case is analogous to *Aponte* in that the drugs were well hidden and the individuals told inconsistent stories to the police. The similarities stop there. Unlike the defendants in *Aponte*, the inconsistencies were obvious and included disagreements over the nature of the trip and the length of the relationship between the defendants.

There was much circumstantial evidence supporting the jury's verdict. Labachyan exhibited extreme nervousness during the traffic stop according to Deputy Olson's testimony and the recording of the traffic stop. The recording of the traffic stop, which was played to the jury in its entirety and taken to the jury room during deliberations, shows Labachyan rubbing his face nervously upon seeing the spare tire examined. Several months before the June traffic stop, Labachyan and Johnson were stopped near Lincoln, Nebraska, and a large amount of currency was found hidden in the vehicle in three different envelopes with different names written on each envelope. During that trip, and the trip on which the defendants were arrested, the duration of the trip was suspicious. Johnson's witnesses contradicted Labachyan's version of events and described his behavior as suspicious. All of this evidence goes far beyond what the prosecution presented in *Aponte*.

The evidence in this case, viewed in the light most favorable to the jury's verdict, was sufficient for a reasonable jury to find Labachyan was involved in the trafficking of the cocaine and not merely present in the vehicle. Labachyan's Motion for a Judgment of Acquittal (Filing No. 142) is denied.

### B. Motion for a New Trial

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In considering a motion for a new trial, the district court is permitted to 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *United States v. Schropp*, 829 F.3d 998, 1005 (8th Cir. 2016).

Labachyan identifies two alleged errors that he believes warrant a new trial.[3] The first is that the Court did not give his proposed "mere presence" jury instruction based on *Aponte*. The second is that the jury heard Labachyan's statements to Deputy Olson during the traffic stop.

### 1. "Mere Presence" Jury Instruction

Labachyan sought a jury instruction based on *Aponte* that stated, "You should understand that being present in a location where a controlled substance is found is not sufficient in itself to prove beyond a reasonable doubt that a person possessed that controlled substance with intent to distribute as charged in the indictment." The Court declined to give that instruction.

"A criminal defendant is entitled to a theory-of-defense instruction that is timely requested, correctly states the law, and is supported by the evidence." *United States v. Serrano-Lopez*, 366 F.3d 628, 636 (8th Cir. 2004). However, the Court possesses "considerable discretion in framing the instructions and it is sufficient if the instruction actually given by the trial court adequately and correctly covers the substance of the requested instruction." *Id*. at 637 (quoting *United States v. Claxton*, 276 F.3d 420, 723 (8th Cir. 2002)).

---

[3]Labachyan also contends the jury lacked sufficient evidence to convict. The Court has already dealt with that argument in denying his motion for judgment of acquittal.

In this case, the Court declined to give Labachyan's instruction because the instructions on the elements of the crimes covered the substance of Labachyan's instruction. The instruction on the elements of "[t]he crime of possession of a mixture or substance containing cocaine with intent to distribute" required the jury to find "[Labachyan] knew that he possessed the controlled substance" and he "intended to distribute the controlled substance." Similarly, the conspiracy instruction required the jury to find Labachyan "voluntarily and intentionally joined in the agreement or understanding" to distribute cocaine and he "knew the purpose of the agreement or understanding" was to distribute cocaine. Finally, the possession instruction required either "knowingly ha[ving] direct physical control over" the cocaine or "both the power and the intention at a given time to exercise dominion or control over" the cocaine.[4]

The instructions given to the jury clearly communicated that mere presence in a vehicle containing cocaine would not be sufficient to convict. "Thus, the giving of the mere-presence instruction in this case would have duplicated the instructions outlining the elements of the offense, the definition of possession, and the burden of proof." *Id*.

### 2. Labachyan's Statements

Labachyan's motion, but not his brief in support (Filing No. 149), maintains (1) the admission of Labachyan's statements to Deputy Olson while he was detained in Deputy Olson's patrol car violated his *Miranda*[5] rights, and (2) the Court erred by failing to give a limiting instruction after Labachyan's statements to Deputy Olson were published to the jury.

Labachyan's first argument is simply a reassertion of what he previously argued in his Motion to Suppress. For the same reasons as stated in the Memorandum and Order on that issue, Labachyan's argument is without merit.

---

[4]The Court also separately instructed the jury on the burden of proof.
[5]*See Miranda v. Arizona*, 384 U.S. 436 (1966).

Labachyan's second argument also fails because he does not clearly direct the Court to the limiting instruction to which he refers. "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." NECrimR 12.3(b)(1); *see also* NECrimR 33.1 ("Post-trial motions must comply with Nebraska Criminal Rule 12.3(b)(1) and (2) governing pretrial motions.").

The jury received proper instructions and was not exposed to improper evidence. The interests of justice will not be served by granting Labachyan a new trial.

### III. CONCLUSION

The evidence in this case, viewed in the light most favorable to the jury's verdict, was sufficient for the jury to find Labachyan guilty of the crimes charged. The interest of justice does not require a new trial. Accordingly,

IT IS ORDERED:
1. Labachyan's Motion for a Judgment of Acquittal (Filing No. 142) is denied.
2. Labachyan's Motion for a New Trial (Filing No. 144) is denied.

Dated this 11th day of June, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge