# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR241 |
| v. | |
| SARKIS LABACHYAN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Sarkis Labachyan's ("Labachyan") pro se Motion to Vacate, Set Aside, or Correct a Sentence under 18 U.S.C. § 2255 by a Person in Federal Custody (Filing No. 211). For the reasons stated below, the Court orders the government to respond to Labachyan's ineffective assistance of counsel claim for failure to present a plea agreement and denies the motion in all other respects.

## I.  BACKGROUND

On June 21, 2016, Douglas County Sheriff Deputy Olson ("Deputy Olson") conducted a traffic stop of the vehicle driven by Labachyan near Omaha, Nebraska. Sherman Johnson, Jr. ("Johnson") was riding in the passenger seat. Deputy Olson asked Labachyan and Johnson a few questions regarding their travels, but the two men told Deputy Olson inconsistent stories. Growing suspicious, Deputy Olson conducted a records check, discovered the vehicle was a rental car, and that these two men were previously stopped in Nebraska two months prior with approximately $19,000 in the vehicle. Deputy Olson asked for and received Johnson's consent to search the vehicle and found approximately 6,000 grams of cocaine in the spare tire.

On May 14, 2018, a jury found Labachyan and Johnson guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. After trial, Labachyan

was sentenced to 120 months on each count, to be served concurrently. Labachyan appealed his conviction, asserting this Court erred by failing to suppress certain statements and arguing the evidence was insufficient to support his conviction. The Eighth Circuit affirmed his conviction on April 2, 2020. *See United States v. Johnson*, 954 F.3d 1106, 1110 (8th Cir. 2020).

## II. DISCUSSION
### A. Standard of Review

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the district court must complete a preliminary review of a defendant's § 2255 motion. If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," then the Court shall summarily dismiss those claims. *Id.* But if it appears the movant has a colorable claim, the Court should order the United States Attorney to respond or take other appropriate action. *Id.*

A § 2255 motion will not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Section 2255 relief is limited to those cases in which "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "The movant bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

### B. Merits of Labachyan's Underlying Criminal Case
#### 1. Arguments Raised on Appeal

Throughout his motion, Labachyan spends a great deal of time re-arguing the merits of his underlying criminal case. For example, Labachyan asserts Deputy Olson did not have probable cause to conduct the traffic stop or search the vehicle. He further claims

that the $19,000 found in the vehicle was "legitimate money" and was "improperly portrayed to the jury" as evidence of Labachyan and Johnson's involvement in drug trafficking. In summary, Labachyan believes "nothing has been produced as strict proof of this Defendant/Petitioner's prior knowledge of the presence of drugs." But Labachyan already addressed his concerns regarding the alleged lack of proof in his case on appeal. The Eighth Circuit already rejected his arguments, holding "[t]he evidence was sufficient for a reasonable jury to find both Labachyan and [his co-defendant] Johnson guilty beyond a reasonable doubt." *Johnson*, 954 F.3d at 1110. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)).

### 2. Argument Not Raised on Appeal

In addition to reasserting old claims he lost on appeal, Labachyan raises a new one. Labachyan asserts for the first time in his motion that this Court erred when it denied two of his counsel's proposed jury instructions. But relief under § 2255 is not a substitute for a direct appeal. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal, and if uncorrected, would result in a complete miscarriage of justice."). Labachyan "may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). The claims Labachyan raised or could have raised on appeal are dismissed.

### C. Ineffective Assistance of Counsel

Liberally construing Labachyan's motion, the Court also gathers that he alleges his counsel was ineffective for failing to thoroughly investigate his claims and failing to present him with a plea agreement. To prevail on an ineffective assistance of counsel claim, Labachyan must show "(1) [his] counsel's performance was so deficient as to fall

below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) [his] counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008). There is a strong presumption that counsel performed "within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 669 (1984), and their performance will only be deemed deficient if their errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687.

### 1. Strategy Decisions

Labachyan claims his counsel's performance was deficient because he did not conduct "proper investigation and questioning" relating to the stop, search, and seizure of the evidence in his vehicle. As Labachyan sees it, if his counsel would have called certain DNA and fingerprint evidence into question and presented a "step-by-step analysis" of the traffic stops to the jury in a "proper and logical" manner, the jury would have found reasonable doubt in his case. In ruling on a § 2255 motion, the Court "presume[s] attorneys provided effective assistance, and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996); *see also Strickland*, 466 U.S. at 690 (noting that reasonable strategic decisions are "virtually unchallengeable"). On this record, Labachyan has not met his heavy burden of showing his counsel committed any serious or unprofessional errors with respect to that affected the outcome of his case. *See Walker*, 900 F.3d at 1015.

### 2. Failure to Present a Plea Agreement

As to Labachyan's claim that his counsel failed to present him with a plea agreement, it is unclear from his averments whether his counsel received a proposed plea agreement and failed to communicate that to him, or whether Labachyan faults his counsel for failing to obtain a plea offer at all. *See Missouri v. Frye*, 566 U.S. 134, 145 (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused" and that failing to do so may constitute ineffective assistance of counsel). On initial review,

4

it does not "plainly appear" that Labachyan is not entitled to relief pertinent to his claim of ineffective assistance of counsel for failure to present a plea agreement. The government must therefore file a response on that claim. Accordingly,

IT IS ORDERED:

1. Summary dismissal is not appropriate as to Labachyan's claim for ineffective assistance of counsel for failure to present a plea agreement. The United States shall file a response pertinent to that claim on or before June 8, 2021.
2. Labachyan's § 2255 motion is denied in all other respects.

Dated this 18th day of May 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge