IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR241 |
| v. | |
| SARKIS LABACHYAN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Sarkis Labachyan's ("Labachyan") pro se Motion to Vacate, Set Aside, or Correct a Sentence under 18 U.S.C. § 2255 by a Person in Federal Custody (Filing No. 211). He also asked the Court to appoint him counsel (Filing Nos. 213 and 217) and to proceed in forma pauperis (Filing Nos. 212 and 218). The Court conducted a preliminary review (Filing No. 215) of Labachyan's motion and denied all but one of his claims. Finding it did not "plainly appear" from his motion that Labachyan was not entitled to relief on his claim for ineffective assistance of counsel for failure to present a plea agreement, the Court ordered the government to respond.

Section 2255 relief is limited to those cases in which "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

"A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)

(quoting *Apfel*, 97 F.3d at 1076). To prevail on a claim for ineffective assistance of counsel, Labachyan must show his counsel's performance was both deficient and prejudicial to his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). To prove prejudice, Labachyan "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As relevant here, and more fully set forth in the Court's order on preliminary review, On May 14, 2018, a jury found Labachyan guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. After trial, Labachyan appeared for sentencing before this Court, where the government advised that "there were no plea agreements that were offered as this case progressed. Nothing formal was ever tendered to the defense attorney." No objection was made to this statement at sentencing. The government reiterates here that it never offered Labachyan a plea bargain. Throughout trial, sentencing, on appeal, and in this § 2255 motion, Labachyan maintains his innocence.

Now Labachyan argues that his counsel was ineffective because he failed to "procure and present [a] plea agreement" and that he went to trial "strictly due to no Plea being available, or even attempted." "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and failing to do so may constitute ineffective assistance of counsel. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). "'There is no constitutional right to plea bargain,'" *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (quoting *United States v. Gonzales*, 65 F.3d 814, 823 (10th Cir. 1995)), and the government avers it never offered Labachyan one. Labachyan cannot meet his heavy burden to show that his counsel's performance was deficient. *Id.* ("It is the prosecutor's prerogative to offer a 'package deal' or no deal at all.") (quoting *Gonzales*, 65 F.3d at 823).

The Court therefore finds an evidentiary hearing is not necessary because "the record affirmatively refutes the factual assertions upon which it is based," *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007), and "the motion and the files and the records of the case conclusively show that [Labachyan] is entitled to no relief," 28 U.S.C. § 2255(b).

The Court will not issue Labachyan a certificate of appealability. A Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to "demonstrate[] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). He has not made such a showing. Accordingly,

IT IS ORDERED:
1. Sarkis Labachyan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 211) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will issue.
4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Sarkis Labachyan at his address of record.
5. Sarkis Labachyan's Motions for Leave to Proceed In Forma Pauperis (Filing Nos. 212 and 218) are denied as moot.
6. Sarkis Labachyan's Motions to Appoint Counsel (Filing Nos. 213 and 217) are denied.

Dated this 17th day of August 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge